# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff, | Case No. 2:10-CV-1198-KJD-LRL |
| v. | **ORDER** |
| ROBERT KAHRE, *et al.*, | |
|     Defendants. | |

      Presently before the Court is Plaintiff's Motion to Dismiss Counterclaim (#32). Defendant John Nelson filed a response in opposition (#34) which was joined (#35) by Defendant Richard Wellman. Plaintiff filed a reply (#36) in support of its motion. Also before the Court is Defendant Nelson's Motion for Recusal of District Judge (#40).

<u>I.  Motion to Recuse</u>

      It is true that this Court recused itself from hearing Robert Kahre's criminal case to avoid the appearance of bias and impropriety. <u>See</u> <u>United States v. Kahre, *et. al.*</u>, 2:05-cr-121-RCJ-RJJ, Doc. No. 130. However that case contained twenty-five (25) separate defendants and at least as many attorneys appeared on their behalf. It was an attorney's appearance in that criminal case that caused the Court to recuse itself. The Court did not harbor a bias against Kahre in that case, nor does it now.

Accordingly, the Court denies the motion to recuse. The other grounds asserted for recusal are meritless as Defendant Nelson should know.

II.  Standard for Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)

A motion under Rule 12(b)(1) can either be "facial," attacking a pleading on its face and accepting all allegations as true, or "factual" contesting the truth of some or all of the pleading's allegations as they relate to jurisdiction. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). Since the Government's motion is a facial challenge, the allegations in the counterclaims are accepted as true, solely for purposes of the present motion. Counterclaimants ("Claimants") bear the burden of establishing that subject-matter jurisdiction exists. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

III.  Analysis

The United States is immune from suit unless it has waived sovereign immunity. Ibrahim v. Dept. of Homeland Security, 538 F.3d 1250, 1258 (9th Cir. 2008). The Federal Tort Claims Act ("FTCA") is a limited waiver of that immunity. A suit which fails to state a cognizable claim under the FTCA must be dismissed for lack of jurisdiction. FDIC v. Meyer, 510 U.S. 471, 474 (1994). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." Id. (citations omitted).

Exhaustion of administrative remedies is a jurisdictional prerequisite to an FTCA suit, under 28 U.S.C. § 2675(a). "An action shall not be instituted...against the United States for money damages...caused by the negligent or wrongful act or omission of any employee of the Government...unless the claimant shall have first presented the claim to the appropriate Federal agency[.]" Ibrahim, 538 F.3d at 1258.

In this action, Count I, for restraint of trade, and Count II, for fraud, allege tort based causes of action. The Counterclaims do not allege that Claimants first presented an administrative claim to the United States Bureau of Land Management which allegedly injured them. Furthermore,

1  Claimants' assertion that they exhausted their remedies by taking an administrative appeal to the
2  Interior Board of Land Appeals from the BLM's Notice of Non-compliance which underlies the
3  United States' action does not perfect their claim.  See Cadwalder v. United States, 45 F.3d 297, 300
4  (9th Cir. 1995).  Claimants are required to present their claim to the Federal agency by "(1) a written
5  statement sufficiently describing the injury to enable the agency to being its own investigation, and
6  (2) a sum certain damages claim."  Id. at 301.  Claimants' administrative appeal of an adverse
7  administrative decision initiated by the United States is not the presentation of a tort claim.  See
8  Gordon H. Ball, Inc. v. United States, 461 F. Supp. 311, 314 (D. Nev. 1978)(claim for relief under
9  separate statute was not administrative claim for purposes of the FTCA); Velasco v. United States,
10 585 F. Supp.2d 1, 4-5 (D. D.C. 2008)(administrative appeals were not administrative tort claims
11 pursuant to the FTCA).[1]  Therefore, Counts I and II of the Counterclaim must be dismissed.

12        Finally, Claimants third count appears to allege a claim for a taking under the Takings Clause
13 of the Fifth Amendment, which provides: "[N]or shall private property be taken for public use,
14 without just compensation."  The claim seeks damages exceeding one million dollars.  However, the
15 Tucker Act, 28 U.S.C. § 1491(a)(1), vests exclusive jurisdiction in the Court of Federal Claims for
16 takings claims in excess of $10,000.00.  Therefore, the Court must dismiss Count III of the
17 counterclaim for lack of subject matter jurisdiction.

18        To the extent that Defendant Nelson asserts that his claims are against "foreign international
19 organizations," those parties have not been named in the Counterclaim as Defendants.  In fact, the
20 Counterclaim only references a single "Counter Defendant" who is identified in the caption as the
21 "United States of America, in private corporate capacity[.]"  Regardless of the labels Defendant
22 applies, Defendant must comply with the FTCA before bringing suit against the United States.  All
23 other arguments raised by Defendant are frivolous or similarly disingenuous.

---

[1] To the extent that Claimants assert that their claim is proceeding under the Administrative Procedures Act ("APA"), the claim lacks jurisdiction, because an action under the APA must be one seeking relief other than money damages.  5 U.S.C. § 702; United States v. Park Place Assocs., Ltd., 563 F.3d 907, 930 (9th Cir. 2009).

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss Counterclaim (#32) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant Nelson's Motion for Recusal of District Judge (#40) is **DENIED**.

DATED this 2nd day of March 2012.

_____
Kent J. Dawson
United States District Judge