# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD KAHRE, *et al.*,

    Defendants.

Case No. 2:10-CV-1198-KJD-LRL

**ORDER**

    Presently before the Court is Plaintiff's Motion for Summary Judgment (#37). Defendant John Nelson filed a response in opposition (#41) to which Plaintiff replied (#42). Defendant Richard Wellman has failed to file a response in opposition.[1]

I.  Facts

    Plaintiff, United States of America (the "Government") possesses land within the State of Nevada. The Bureau of Land Management (the "BLM") is an agency of the Department of the Interior and is authorized to administer the land which is the focus of the allegations in this action.

---

[1] In accordance with LR 7-2(d), and good cause being found, the Court grants the Motion for Summary Judgment as to Richard Wellman.

1   The Government filed a Complaint against Defendants Robert Kahre ("Kahre"), John Nelson

2   ("Nelson"), and Richard Wellman ("Wellman")(collectively "Defendants"). The Complaint asserts a

3   claim for trespass because Defendants have failed to obey a Notice of Noncompliance order and the

4   Notice of Operations has expired. Wellman has failed to file a response in opposition to the Motion

5   for Summary Judgment. The Court granted a Motion for Default Judgment against Kahre as to

6   liability only. Nelson filed the only response in opposition to the Motion for Summary Judgment.

7        Defendants acquired ownership interest in the White Park Mill Site (the "Mill Site") on or

8   about June 17, 1997 from White Park R&D, Inc. through quitclaim deeds. See Plaintiff's Motion for

9   Summary Judgment (#37), Exhibit 1 and 2. Defendants operated the Mill Site under a notice-level

10  operation, which requires operators to submit a Notice of Operations to the BLM. 43 C.F.R.

11  §3809.300. On April 20, 2000, a field examination was conducted and it was determined that

12  occupancy of the Mill Site consisted of a locked gate, a partial fence, and two buildings. On June 4,

13  2001, a Surface Use Determination report determined that the level of occupancy that Defendants

14  possessed was not necessary because neither milling nor mining was taking place. The Notice of

15  Noncompliance of June 6, 2001 notified Defendants of these results and ordered Defendants to

16  remove the locked gate, fence, equipment, and buildings from the Mill Site. Defendants appealed the

17  decision of June 6, 2001 to the Interior Board of Land Appeals ("IBLA"). IBLA affirmed the results

18  of the Notice of Noncompliance on April 15, 2003. An order of June 3, 2003 granted Defendants an

19  additional 90 days to comply with the Notice of Noncompliance. Defendants have not complied with

20  this order. On September 3, 2004, the BLM notified Defendants that their current Notice of

21  Operations for the Mill Site would be extended only if the Defendants provided a reclamation bond

22  for the site. Defendants failed to provide this bond resulting in the BLM notifying Defendants that

23  their Notice of Operations expired on November 8, 2004, and that reclamation must begin

24  immediately.

25        Nelson seems to allege that the BLM is not the true owner of the property and therefore

26  cannot pursue a common law trespass action. Nelson also alleges that Defendants are not responsible

2

1  for any damage to the Mill Site prior to their ownership interest because they did not assume the risk

2  and cost of reclamation from the prior owner.

3       The Government alleges that Defendants are in trespass on the Mill Site because they are in

4  violation of the Notice of Noncompliance and the Notice of Operations is expired. The Government

5  contends that the Notice of Noncompliance and the expired Notice of Operations requires

6  Defendants to remove all possessions from the Mill Site and failure to remove possessions renders

7  Defendants in trespass. Defendants have failed to oppose the Government's statement of the facts or

8  any exhibits provided with the Motion for Summary Judgment.

9  II.  Discussion

10       A.  Standard for Summary Judgment

11       "The court shall grant summary judgment if the movant shows that there is no genuine

12  dispute as to any material fact and the movant is entitled to judgment as a matter of law" Fed. R. Civ.

13  P. 56(a); see Sierra Club v. Bosworth, 510 F.3d 1016, 1022 (9th Cir.2007). Summary judgment is

14  proper only when the pleadings, depositions, affidavits, and other permitted material demonstrate

15  that there is not an issue of material fact. Fed.R.Civ.P. 56(c); S. E. C. v. Seaboard Corp., 677 F.2d

16  1301, 1305-06 (9th Cir. 1982); Pegasus Fund, Inc. v. Laraneta, 617 F.2d 1335, 1339 (9th Cir. 1980).

17  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.

18  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "A material issue of fact is one that affects the

19  outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth."

20  Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1483 (9th Cir. 1986); Admiralty Fund v.

21  Hugh Johnson & Co., 677 F.2d 1301, 1306 (9th Cir.1982). Motions for summary judgment and

22  responses must include a concise statement setting forth each material fact which the party claims is

23  or is not genuinely an issue by citing the record or other evidence upon which the party relies. LR 56-

24  1.

25       Plaintiffs are representing themselves *pro se*. Courts must liberally construe the pleadings of

26  *pro se* parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "*pro se*

1  litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of

2  record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986).

3      B.  Trespass on Public Lands

4      The use of public lands in a manner contrary to the regulations of the responsible authority is

5  prohibited under the Federal Land Policy and Management Act. 43 U.S.C. §1701. To establish

6  trespass, the BLM must demonstrate that a defendant, "is using, occupying, or developing the public

7  lands or their resources without [the] required authorization or in a way that is beyond the scope and

8  terms and conditions of [the] authorization" 43 C.F.R §2808.10. "Trespass includes acts or

9  omissions causing unnecessary or undue degradation to the public lands or their resources." 43

10  C.F.R. §2808.10(b). A mill site claimant's failure to comply with the applicable regulations

11  invalidates the claimant's possessory rights in a mill site. United States v. Bollinger, 118 F. App'x

12  147, 149 (9th Cir. 2004); see United States v. Shumway, 199 F.3d 1093, 1103 (9th Cir.1999); United

13  States v. Brunskill, 792 F.2d 938, 941 (9th Cir.1986).

14      The BLM is authorized to issue a Notice of Noncompliance to a claimholder who has

15  violated a requirement. 43 C.F.R. §3715.7-1(c). A Notice of Noncompliance must, *inter alia*, advise

16  the claimholder how they are failing to comply with the requirements, the actions that should be

17  taken to comply with those requirements, and the length of time allowed to correct the violation. 43

18  U.S.C. §3715.7-1(c). Failure to comply with §3715.7-1 may result in the Department of the Interior

19  requesting the United States Attorney to institute a civil action in United States District Court for an

20  injunction or order to prevent an individual from occupying the land. 43 C.F.R. §3715.7-2.

21      To operate a notice-level mill site an operator must submit a Notice of Operations. 43 C.F.R.

22  §3809.301. A Notice of Operations requires, *inter alia*, that an operator submit contact information,

23  map and description of the area, schedule of activities, reclamation plan, and a reclamation cost

24  estimate every two years to the BLM. 43 C.F.R. 3809.332. An operator is required to provide a

25  reclamation bond to renew a Notice of Operations after 2001.

26

4

1   Here, Defendants have failed to demonstrate that an issue of material fact exists and have

2   failed to show that the materials cited do not establish the absence of a genuine dispute. The Notice

3   of Noncompliance ordered the removal of Defendants' possessions and any other unnatural debris

4   from the Mill Site within 30 days. Defendants filed an appeal staying the Notice of Noncompliance

5   until the IBLA ruled. On December 2, 2004, IBLA upheld, *in toto*, the BLM's Notice of

6   Noncompliance. This Decision also determined that although Defendants did provide a notification

7   to extend the Notice of Operations for the Mill Site, they failed to provide a reclamation bond in

8   accordance with 43 C.F.R. 3809. Failure to provide the bond by the deadline required the expiration

9   of the Notice of Operations as of November 8, 2004. Currently, Defendants continue to use or

10  occupy the Mill Site without authorization by failing to remove their possessions. The Court finds

11  that Nelson's response in opposition to the Motion to Dismiss fails to contravene any exhibits of

12  record or provide other materials demonstrating that an issue of material fact exists. Therefore, the

13  BLM acted within their purview according to 43 C.F.R. §§3809.335 and 3715.7-1(c) to order

14  Defendants to cease operations, except reclamation. Accordingly, the Court grants the Government's

15  Motion for Summary Judgment.

16  The BLM operates under administrative law in bringing actions for trespass. 43 U.S.C.

17  §1701, 43 C.F.R. §2808.10. The transfer of a mining claim does not relieve a former mining

18  operator's responsibility that accrued while the former mining operator was responsible for

19  operations conducted on that mining claim until the BLM receives documentation that a transferee

20  accepts responsibility for the transferor's previously accrued obligations. 43 C.F.R. §3809.116. Here,

21  the BLM received adequate documentation in the Notice of Change of Ownership (See Plaintiff's

22  Motion for Summary Judgment, Exhibit 1) and the seven quitclaim deeds (See Plaintiff's Motion for

23  Summary Judgment, Exhibit 2) that granted all improvements, appurtenances, easements, and rights

24  that White Park R&D, Inc. possessed to the Defendants. These are sufficient to allocate the risk and

25  cost of reclamation to Defendants. Furthermore, 43 C.F.R. §3809.116 does not relieve the present

26

1   operator from liability for obligations or conditions that accrued before the present operator gained

2   its interest.

3         C.  Relief

4         The Government asserts that it is entitled to relief for trespass in the following forms: 1)

5   injunction, 2) ejectment, 3) declaratory judgment, 4) restoration, and 5) conditional damages. A

6   violation of 43 C.F.R. §3715.7-1(c) may result in an injunction preventing occupants from occupying

7   the public lands. 43 C.F.R. §3715.7-2. Routinely courts order trespassers to remove from the public

8   lands all unauthorized personal property, equipment, or buildings within 90 days. See United States

9   v. McClure, 2006 WL 2818354 *5 (E.D. Wash. 2006). Courts often impose declaratory judgment in

10  trespass cases. Typically, declaratory judgments permit the Government to take legal possession of

11  all personal property, including but not limited to motor vehicles, structures, equipment and dispose

12  of such property without further motions. McClure, 2006 WL 2818354 at *5. If a party is determined

13  to be in trespass, the BLM may conclude that the offender must reclaim or restore the damaged land.

14  43 C.F.R. §2808.11. If the party fails to restore the land within the time set by the BLM, the party

15  will be liable for any costs the United States incurs for rehabilitating and restoring the lands. 43

16  C.F.R. 2808.11; McClure, 2006 WL 2818354 at *5.

17        Here, Defendants have failed to comply with the order of Noncompliance, and the Court is

18  required to impose all remedies that are consistent with this violation. Also, Defendants' Notice of

19  Operations expired as of November 8, 2004, and the Court is required to impose all remedies that are

20  consistent with 43 C.F.R. §§3809.335 and 2808.11. Accordingly, the Court grants Plaintiff all the

21  forms of relief sought.

22  ///

23  ///

24  ///

25  ///

26  ///

6

III.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (#37) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff submit a proposed injunction and judgment for the Court's signature within fourteen (14) days of entry of this Order by the Court.

DATED this 5th day of July 2012.


Kent J. Dawson
United States District Judge